IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL JAMES WHITFORD,**

                **Plaintiff,**

       **v.**                                                      **CASE NO. 18-3088-SAC**

**ROGER SOLDAN, et al.,**

                **Defendants.**

**NOTICE AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while held in the Saline County Jail. He proceeds pro se and in forma pauperis.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that

they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court has examined plaintiff's amended complaint (Doc. #6). The amended complaint identifies the defendants as Sheriff Roger Soldan of Saline County; Sheriff Tony Perez of Mitchell County; Jerry McCune, Administrator, Mitchell County Jail; N. Schmitz, Assistant Administrator, Mitchell County Jail; Nurse Beth Otte, Saline County Jail; Nurse Jamie Nutz, Saline County Jail; Correctional Officer (fnu) Nelson, Saline County Jail; Transport Officer Corporal (fnu) Egana, Saline County Jail; Lt. (fnu) Finch, Saline County Jail; Correctional Officer (fnu) Orr, Saline County Jail; and C.O. (fnu) Colton, Saline County Jail.

The amended complaint identifies two counts: in Count I, plaintiff alleges that defendant McCune prohibited his use of the grievance procedure in April 2018 and that he was ill from January through March 2018 and was denied treatment. The complaint does not identify specific conduct as Count II, but as Count III, plaintiff claims that defendants Soldan and McCune "abridged the privileges of jurisdiction", which the complaint describes as "violation of civil rights, pain/suffering; cruel and unusual punishment; medical neglect, and medical misconduct" (Doc. #6, p. 6). There are no specific allegations concerning any of the remaining defendants.

The amended complaint does not comport with Fed. R. Civ. P. 8, which requires (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

Under Rule 8, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To comply with Rule 8, plaintiff must submit a second amended complaint and must "describe briefly, plainly, and adequately the specific legal right allegedly violated and all relevant facts that support each claim, which includes explaining what each named defendant did to him; when the defendant did it; and how the defendant's action harmed him." *Nasious, id.* Accordingly, the Court will direct plaintiff to file a second amended complaint that meets the standards of Rule 8.

Plaintiff's amended complaint must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint will no longer be before the Court. Plaintiff may not simply refer to an earlier pleading or direct the Court's attention to attachments; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff also must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

**Motion to appoint counsel**

Plaintiff moves for the appointment of counsel (Doc. # 9). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 20016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record and declines to appoint counsel at this point. It is not yet clear whether plaintiff can present a viable claim for relief nor whether the claims are unusually complex. Plaintiff may renew his request for counsel after he submits the amended complaint as directed.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 19, 2018,** plaintiff shall submit an amended complaint. The clerk of the court is directed to transmit a form complaint to plaintiff. The failure to file a timely response may result in the dismissal of this

matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #9) is denied.

**IT IS SO ORDERED.**

DATED: This 19th day of October, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge